Nickerson, Gary A., J.
This matter is before the Court on MERSCORP, Inc. and Mortgage Electronic Registration Systems, Inc.’s (collectively, “MERS” or “Defendant”) Motion to Dismiss pursuant to Mass.R.Civ.P. 12(b)(6). For the reasons discussed below, Defendant’s Motion is ALLOWED.
FACTUAL BACKGROUND
In March 1998, Steven and Clara Lassman took title to certain residential property in Buzzards Bay by quitclaim deed. Cmplt. ¶21. In October 2006, the Lassmans executed a $480,000 mortgage in favor of *633 MERS as nominee for 1st New England Mortgage Corp, which was identified as the lender. Cmplt. ¶22. Plaintiffs, who were not party to the loan transaction, subsequently acquired the property for $10 on June 7, 2011. Exh. A.
In their complaint, Plaintiffs allege Residential Mortgage Fraud (Count I), Forgery (Count II), and Uttering (Count III). They further seek a declaration that both the note and mortgage are null and void, and that neither Defendant is a creditor nor has a beneficial interest in those instruments. (Count IV.) Alternatively, Plaintiffs urge the Court to find the note is an unsecured debt. Finally, Plaintiffs seek to remove any cloud on the title that may be attributable to the mortgage or its subsequent assignment (CountV), as well as to quiet title to the property in their favor (Count VI).
DISCUSSION
In order to withstand a motion to dismiss, a complaint must contain “allegations plausibly suggesting (not merely consistent with) an entitlement to relief, in order to reflect the threshold requirement . . . that the plain statement possess enough heft to sho[w] that the pleader is entitled to relief.” Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008), quoting Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1966 (2007) (internal quotations omitted). While a complaint need not set forth detailed factual allegations, a plaintiff is required to present more than labels and conclusions, and must raise a right to relief “above the speculative level . . . [based] on the assumption that all the allegations in the complaint are true (even if doubtful in fact).” Id.; see also Harvard Crimson, Inc. v. President & Fellows of Harvard Coll., 445 Mass. 745, 749 (2006).
A. Counts I-IV The “Loan-Related” Counts
Plaintiffs were not parties to the loan repayment and security agreement entered into by the Lassmans in October 2006, nor did they have any apparent connection to the property at that time. Though Plaintiffs assert the impropriety of the MERS mortgage process,[3] Defendant did not negotiate or fund the loan to the Lassmans. Thus, because Defendant was uninvolved in the activities Plaintiff contends were fraudulent, Plaintiff cannot maintain the loan-related counts against it.[4] As the Lassmans never assigned their claims arising from the underlying loan to Plaintiffs, Plaintiffs lack standing to pursue the loan-related counts because they were not involved in the transaction. Similarly, Plaintiffs may not seek a declaratory judgment (Count IV) on the basis of a claim they may not legally advance. Their request for a determination that the note and mortgage are void is predicated on Defendant’s alleged misconduct in extending the initial loan to the Lassmans, which Plaintiffs lack standing to litigate.
B. Counts V-VI The “Title-Based” Counts
In the alternative to their request for a declaratory judgment, Plaintiffs argue that the mortgage should be deemed an unsecured debt. Viewed as an unsecured debt, the mortgage would create a cloud on the title that Plaintiffs would be entitled to clarify through further proceedings, thus making dismissal inappropriate. Because Plaintiffs’ ownership interest in the property is independent of the loan transaction, they have standing to adjudicate potential clouds on the title. However, the infirmities they claim, if present, would result from the purportedly fraudulent conduct alleged in the loan-related counts. In light of our determination that Plaintiffs lack standing to pursue the loan-related counts, they cannot pursue claims that arise solely from the conduct they do not have standing to contest. Defendant’s Motion to Dismiss as to Counts V and VI is therefore ALLOWED.
ORDER
For the foregoing reasons, it is hereby ORDERED that Defendant’s Motion to Dismiss is ALLOWED as to all counts.

In a so-called “MERS mortgage,” MERS is identified as the “nominee,” “mortgagee,” and “beneficiary” on a mortgage where the note has been sold in the secondary market. The Mortgage is identified and tracked by a MINS number as it is transferred from servicer to servicer.

The fact that MERS is listed as “nominee” on the mortgage does not, alone, make it liable to Plaintiffs for alleged problems in the lending, underwriting, and consummation process. The actions complained of were not MERS’ functions (nor somehow tacitly approved by virtue of béing the listed nominee), and Plaintiffs were not parties to the loan transaction.